IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

ORDER

Plaintiff,

07-cr-9-bbc

v.                                                                          06-cr-167-bbc

08-cv-503-bbc

SHAVON CASSON,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Shavon Casson has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3553, contending that her sentence is unconstitutional because 1)  the government failed to obtain psychological testing; 2) she has demonstrated extraordinary rehabilitation; and 3) the previous convictions on which the court relied to depart upward from the advisory guidelines have been dismissed. Defendant's motion must be denied.

This court lacks authority to correct a sentence once it is imposed, with three exceptions:  1) within seven days of the imposition of sentence, the court may correct a sentence imposed as a result of arithmetical, technical or other clear error,  Fed. R. Crim. P. 35(c); 2) the court may correct a sentence following remand from a court of appeals, Rule

1

35(a); or 3) the court may reduce a sentence upon motion by the government brought pursuant to Rule 35(b).  None of these exceptions applies to defendant.  The seven-day period has long since passed; the court of appeals did not remand her case to this court; and the government has not moved again to reduce her sentence.

Defendant's claims that the government failed to obtain psychological testing and that the court relied improperly on unproven state charges could be construed as claims brought pursuant to 28 U.S.C. § 2255, for the vacation of her conviction and sentence. Even if I were to construe the claims as made pursuant to 28 U.S.C. § 2255, her motion would have to be denied as untimely. Defendant was sentenced on April 4, 2007.  She did not appeal her conviction to the court of appeals.  Therefore, her conviction became "final" under 28 U.S.C. § 2255 (f)(1) no later than the expiration of the 10-day period for taking a direct appeal under Fed. R. App. P. 4(b)(1)(A)(i), which was approximately April 14, 2007. Cf. Clay v. United States, 537 U.S. 522, 524 (2003).  Defendant filed this motion on August 22, 2008, well beyond the one-year limitation period.  Therefore, it is not timely under subsection (1) or  under subsections (2), (3) or (4).  I note that defendant is wrong about the court's reliance on unproven charges.  I did not consider these charges and defendant was not given an upward departure.

2

ORDER

Defendant's motion for modification of sentence is DENIED.

Entered this 5th day of September, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3