IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                            ORDER

          Plaintiff,

                                        06-cr-167-bbc
                                        07-cr-9-bbc
                                        08-cv-503-bbc

     v.

SHAVON CASSON,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Shavon Casson has filed a notice of appeal of the "judgment entered in this action on . . . *November 2, 2008*." (Emphasis added.) A review of the court's records indicates that no order or judgment was entered on November 2, 2008. Instead, the last order entered in this case was dated September 5, 2008, at which time I denied defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3553. Therefore, I will assume that defendant made a typographical error regarding the November 2, 2008 date in her notice of appeal and that she wishes to appeal the September 5, 2008 order.

Fed. R. App. P. 4(a)(1)(B) says that when the United States or its officer or agency is a party, a notice of appeal must be filed by any party taking an appeal "within 60 days

1

after the judgment or order appealed from is entered." In this case, defendant had until November 4 in which to file her notice of appeal. Moreover, when a person is incarcerated as defendant is, an appeal is "filed" when it is delivered with proper postage to prison authorities for mailing to the court. Houston v. Lack, 487 U.S. 266 (1988). Defendant's notice is dated November 14, 2008. Therefore, even if I assume that she gave it to prison authorities for mailing on November 14, 2008, it is late.

Whether an appeal will be dismissed as untimely is a question reserved exclusively for the court of appeals, but this court is permitted to extend the time for filing a notice of appeal so long as the motion is filed no later than 30 days after the expiration of the time for filing a notice of appeal prescribed by Fed. R. App. P. 4. However, this court cannot grant such a motion unless the movant makes a showing of excusable neglect or good cause for the late filing of her notice of appeal.

As noted above, defendant's deadline for filing her notice of appeal expired on November 4, 2008, but her November 14 submission falls within the 30-day period following expiration of the 60-day period. Therefore, if she were to file a motion for an enlargement of the 60-day deadline no later than December 4, 2008, and support her motion with a showing of excusable neglect or good cause for her late filing, I may be able to grant her request. Otherwise, I will construe her notice of appeal to include a request for leave to proceed in forma pauperis on appeal and a request for a certificate of appealability

2

and I will rule on those requests. In that event, it will be up to the court of appeals to decide whether defendant's appeal must be dismissed at the outset because it is untimely.

ORDER

IT IS ORDERED that defendant may have until December 4, 2008, in which to file a motion for an extension of time within which to file her notice of appeal supported by a showing of excusable neglect or good cause for the late filing. If, by December 4, 2008, defendant does not seek an extension of time within which to file her notice of appeal, I will construe her notice of appeal to include a request for leave to proceed in forma pauperis on appeal and a request for a certificate of appealability and I will rule on those requests, leaving it to the court of appeals to decide whether defendant's appeal must be dismissed at the outset because it is untimely.

Entered this 25th day of November, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3